IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEANETTE ESPINOZA,

    Plaintiff,

  v.

CROWNE PLAZA HOTEL,

    Defendant.

No. C 05-02311 CRB

**MEMORANDUM AND ORDER OF REMAND**

This is an employment discrimination lawsuit. Now pending before the Court is defendant's motion to dismiss some of plaintiff's claims. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion to dismiss in part, and REMANDS the remaining state law claims to state court.

**BACKGROUND**

**A.**    **Allegations of the complaint**

Plaintiff filed a complaint in state court alleging that she was laid-off from her employment as a housekeeping inspector on account of her race and age. Her first and second causes of action make claims under the California Fair Employment and Housing Act ("FEHA") for race and age discrimination, respectively. She also alleges her employment was terminated in violation of California public policy (third cause of action), and she makes

claims for intentional infliction of emotional distress (fourth cause of action), breach of the implied covenant of good faith and fair dealing (fifth cause of action), and breach of contract (sixth cause of action). It is undisputed that plaintiff's employment was governed by a collective bargaining agreement ("cba").

### B. Jurisdiction

Defendant removed the action to this Court on two grounds. First, it contends that the first cause of action states a claim under section 1981. The caption of the complaint unambiguously identifies only state law claims, and the first cause of action expressly states that it is brought under FEHA. In the body of the first cause of action the claim states that defendant's conduct constitutes racial discrimination in violation of 42 U.S.C. section 1981. Plaintiff's counsel, who appears to have "cut and pasted the complaint," neglected to delete the passing reference to section 1981, but it is nevertheless apparent from the rest of the complaint that plaintiff is making only state law claims. Thus, the mistaken reference to section 1981 is not a basis for removal.

Second, defendant asserts that one or more of plaintiff's claims are preempted by the Labor Management Relations Act, 29 U.S.C. section 185(a). As is discussed below, the contract claims are preempted by the LMRA and therefore removal was proper. See Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1285 (9th Cir. 1989).

### C. The motion to dismiss

Defendant now moves to dismiss the fourth, fifth and sixth causes of action on the ground that they are preempted by the LMRA. It also moves to dismiss the first and second causes of action on the ground that plaintiff's complaint does not allege that she exhausted her administrative remedies.

//
//

2

**DISCUSSION**

**A.   The Contract Claims**

Plaintiff's fifth and sixth causes of action are premised on a breach of plaintiff's employment contract. That contract, however, is a cba, and any claim alleging a violation of the cba is preempted by the LMRA. See Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993). These contract claims must therefore be dismissed.

**B.   The Emotional Distress Claim**

Defendant also moves to dismiss the emotional distress claim on the ground that it, too, is preempted. Not all emotional distress claims arising from the termination of a union employee are preempted by the LMRA.

> Such claims may not be preempted if the particular offending behavior has been explicitly prohibited by mandatory statute or judicial decree, and the state holds violation of that rule in all circumstances sufficiently outrageous to support an emotional distress claim. For example, if a plaintiff alleges that an employer's criminal behavior inflicted extreme emotional distress, the emotional distress claim need not be preempted. The behavior could be found sufficiently outrageous to permit recovery without regard to whether the behavior might be permitted under the CBA. Its outrageousness would be clear from the state's decision to make the behavior criminal. Furthermore, the state criminal statute might make clear that the act is not permitted despite any agreement to the contrary. The state has therefore made the standard of behavior both independent of the CBA and mandatory.

Miller v. AT&T Network Sys., 850 F.2d 543, 550 n.5 (9th Cir. 1988).

An employee's FEHA claim for race discrimination is not preempted by the LMRA. See Chmiel, 873 F.2d at 1285-86. It follows, then, that an emotional distress claim based on the same race discrimination that gives rise to the FEHA claim is also not preempted. Such behavior--race or age discrimination--is sufficiently outrageous so as to permit recovery without regard to what is permitted by the cba. Thus, to the extent plaintiff's claim is premised on her alleged race or age discrimination, the claim is not preempted. While the complaint is not clear as to the basis for the emotional distress claim, see, e.g.,

3

Complaint at ¶ 31 (defendants "acted with deliberation without regard to the health, safety or well being of" plaintiff), plaintiff's opposition explains that the emotional distress claim arises from the alleged age and race discrimination. See Opposition at 3-4 ("The essential is whether or not the employer intentionally engaged in discriminatory conduct that caused Espinoza emotional distress, not whether she was fired for 'just cause'").

C.     **Other state law claims**

Defendant also moves to dismiss the FEHA claims on the ground that the complaint does not allege that plaintiff exhausted her administrative remedies. Plaintiff responds that she has, in fact, exhausted such remedies. The Court declines to rule on this dispute. Having determined that the contract claims are preempted and must be dismissed, and that the state law claim for intentional infliction of emotional distress is not preempted, there is no longer any basis for invoking this Court's original jurisdiction. As this case was originally filed in state court, and as it has only recently been removed to this Court, the Court declines to exercise supplemental jurisdiction of the state law claims; instead, the Court will remand the case to the San Francisco Superior Court.

## CONCLUSION

Defendant's motion to dismiss is GRANTED in part. Plaintiff's fifth and sixth causes of action are DISMISSED on the ground that they are preempted by the LMRA. Plaintiff's claim for intentional infliction of emotional distress claim is not preempted as the claim is based on defendant's alleged discrimination in violation of state law. The Court declines to exercise supplemental jurisdiction of the remaining state law causes of action and instead REMANDS this action to the San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: July 8, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE